**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**JEFFERSON COUNTY PLANNING COMMISSION,**

    Plaintiff,

v.                                                                     **CIVIL ACTION NO. 3:09-CV-45
(BAILEY)**

**FAR AWAY FARMS, LLC,**

    Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

On this day, the above-styled matter came before the Court upon consideration of Defendant Far Away Farms, LLC's ("FAF") Motion to Dismiss the Complaint [Doc. 3], plaintiff's Response in Opposition to the Motion to Dismiss [Doc. 6], and defendant's Reply [Doc. 7]. The Court has reviewed the record and the arguments of the parties and finds that defendant FAF's Motion to Dismiss [Doc. 3] should be a **GRANTED**.

## BACKGROUND

On June 26, 2009, plaintiff, the Jefferson County Planning Commission, brought suit in the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1331 and 1343. [Doc. 1]. Plaintiff alleges violation of its rights under the Fourteenth Amendment to the United States Constitution, and under 42 U.S.C. § 1983. The crux of plaintiff's argument is that the "West Virginia Supreme Court's decision ***Far Away Farm, LLC v. Jefferson County Board of Zoning Appeals***, violated plaintiff's rights to due process of law as guaranteed

1

it by the Fourteenth Amendment to the United States Constitution and by 42 U.S.C. § 1983..." ([Doc. 1] ¶ 20).

The decision in *Far Away Farm, LLC v. Jefferson County Bd. of Zoning Appeals*, 222 W.Va. 252, 260, 664 S.E.2d 137, 145 (W.Va. 2008), dealt with a challenge by Far Away Farm, LLC ("FAF") to a denial of a Conditional Use Permit ("CUP") in Jefferson County West Virginia. In the case, the West Virginia Court of Appeals ordered the Jefferson County Planning and Zoning Commission ("the Commission") to issue a CUP to FAF, as FAF had met the substantive standards to obtain a permit as set out in the Jefferson County Zoning Ordinance. (Id.)

The Jefferson County Board of Zoning Appeals had previously applied the wrong version of the zoning ordinance to FAF, held hearings under the wrong version of the Ordinance, and then denied FAF a CUP. On appeal, the West Virginia Supreme Court of Appeals ordered the County to apply the correct version of the ordinance and then ordered the correct governmental agency, the Planning Commission, to issue the permit.

The West Virginia Supreme Court of Appeals' issued its decision in *Far Away Farm, LLC v. Jefferson County Bd. of Zoning Appeals*, 222 W.Va. 252, 664 S.E.2d 137 (W.Va. 2008), on April 17, 2008. (See [Doc. 3-1] at 1). A member of the Commission who was a party to the suit, filed a petition for rehearing. (See [Doc. 3-1] at 27, 36-37) (On May 16, 2008, Edward E. Dunleavy and Edward R. Moore filed a petition for rehearing arguing that the court lacked personal jurisdiction over the Commission). Additionally, the Jefferson County Zoning Board of Appeals filed a petition for rehearing. ([Doc. 3-1] at 46) (On May

19, 2008, the Jefferson County Board of Zoning Appeals also filed a petition for rehearing arguing the court lacked personal jurisdiction over the Commission). The motions for rehearing were denied. Those motions, and the judgment of the court, were then appealed to the United States Supreme Court which denied certiorari. See **Dunleavy v. Far Away Farm**, 129 S.Ct. 573 (Nov. 10, 2008) (denying certiorari). Finally, plaintiff filed a Motion to Intervene in April of 2009, making the same arguments they have presented to this Court in the above-styled case. (See [Doc. 3-1] 22-25). Plaintiff did not appeal the denial of the Motion to Intervene. ([Doc. 6] at 3).

Now, in the Complaint before this Court, the Jefferson County, West Virginia Planning Commission argues that the West Virginia Supreme Court of Appeals violated the Commission's rights under 42 U.S.C. § 1983 when it ordered the Commission to grant FAF the CUP. (See generally [Doc. 1]).

On August 24, 2009, defendant Far Away Farms filed a Motion to Dismiss [Doc. 3]. In the motion, defendant argued this Court is without jurisdiction to review the decision of the West Virginia Supreme Court of Appeals decision in **Far Away Farm, LLC v. Jefferson County Bd. of Zoning Appeals**, 222 W.Va. 252, 664 S.E.2d 137 (W.Va. 2008). ([Doc. 3] at 6). Specifically, defendant argued plaintiff's only remedy lies in the United States Supreme Court pursuant to 28 U.S.C.A. § 1257 which provides for certiorari of final judgments or decrees from the highest court of a State. (Id. at 6-7). Defendant also argued that plaintiff is barred by collateral estoppel from bringing the instant action as the action was previously decided against the BZA and plaintiff is either the same party or in

privity with the BZA; and as this Court is required to give full faith and credit to the decision of the West Virginia Supreme Court of Appeals it must accordingly dismiss the action. (Id. at 8-12). Additionally, defendant argued that plaintiff does not have standing to bring the above-styled suit because plaintiff has no statutory authorization to do so. (Id. at 7-8). Finally, defendant argued that plaintiff has failed to state a claim under 42 U.S.C. § 1983 because: (1) the Complaint does not allege defendant acted under color of state law; (2) the Complaint does not allege that defendant's actions worked a denial of plaintiff's rights under the Constitution of the United States; and (3) the Complaint on its face fails to allege more than harmless error. In the alternative, defendant asked that this Court find that plaintiff had failed to join an indispensable party (either the West Virginia Court of Appeals or the United States Supreme Court). (Id. at 23-24).

On September 24, 2009, plaintiff filed a Response to the Motion to Dismiss [Doc. 6]. In the Response, plaintiff argued this Court does have subject matter in the above-styled case as the state court decision in **Far Away Farm, LLC v. Jefferson County Bd. of Zoning Appeals**, 222 W.Va. 252, 664 S.E.2d 137 (W.Va. 2008), violated plaintiff's right to due process because the West Virginia Supreme Court of Appeals imposed a remedy which ordered plaintiff to issue defendant a permit–without having personal jurisdiction over plaintiff. ([Doc. 6] at 2). Plaintiff notes that the above-styled case is one which seeks to "redress a deprivation" and that although the state court was the party which deprived plaintiff its due process rights, defendant Far Away Farms ("FAF") is the party from which to get "redress" in the form of an order declaring the decision of the West Virginia Supreme

4

Court of Appeals null and void. (Id. at 3). Plaintiff also addressed defendant's contentions that plaintiff has no standing to bring the instant suit, arguing that the Commission needs to express authorization and that it has such express authorization in West Virginia Code § 8A-2-11(12). (Id. at 3). In response to defendant's arguments that plaintiff's action is barred by the full faith and credit doctrine and *res judicata*, plaintiff summarily stated that the denial of plaintiff's Motion to Intervene was not a ruling on the merits of plaintiff's due process claim, but a denial of access to the court to present such an argument. ([Doc. 6] at 4). Next, plaintiff addressed the merits of the above-styled case arguing that plaintiff has presented a valid claim for denial of due process rights which is not barred, noting that plaintiff is not challenging the authority of the State of West Virginia to shape the relationship between state and local government, but is only seeking to remedy a state judgment which went beyond the jurisdiction of the state court. (Id. at 7-8). Plaintiff also argued that the harmless error doctrine does not apply to the denial of notice and an opportunity to be heard, and as plaintiff alleges it was never given such an opportunity their case should not be dismissed. ([Doc. 6] at 8-9). Finally, plaintiff argued that the West Virginia Court of Appeals, and the United States Supreme Court are not indispensable parties. (Id. at 9).

On October 6, 2009, defendant filed a Reply in Support of the Motion to Dismiss [Doc. 7]. In the Reply, defendant argued that this Court has discretion pursuant to the Declaratory Judgment Act and that the above-styled case can serve "no useful purpose" the Court should decline to exercise jurisdiction. ([Doc. 7] at 3-4). Defendant also argues

5

that plaintiff should not be allowed to collaterally attack the judgment of the West Virginia Supreme Court of Appeals as plaintiff failed to avail itself of the opportunity to challenge the decision of the state court at the time the decision was rendered. (Id. at 6-8). Next, defendants argued the decision of the West Virginia Supreme Court of Appeals is "not void" as the court had jurisdiction to order the remedy plaintiff seeks to void. (Id. at 9-12). Finally, defendant argues this Court should not permit plaintiff to pursue a cause of action against defendant under 42 U.S.C. § 1983 because defendant is not a state actor. (Id. at 12).

The Court has reviewed the record, the arguments of the parties, and the relevant law and finds for the reasons more fully set out below that the above-styled case should be **DISMISSED** for lack of jurisdiction.

**I.     Standard of Review**

Defendant asks the Court to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and 12(b)(1), arguing that this Court lacks jurisdiction to review plaintiff's claim, and that plaintiff has failed to state a claim under 42 U.S.C. § 1983. (See generally [Doc. 3]).

When a defendant files a 12(b)(1) motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction, the plaintiff "has the burden of proving that subject matter jurisdiction exists." ***Evans v. B.F. Perkins Co.***, 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), a court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the

6

pleadings without converting the proceeding to one for summary judgment." *Id.* (internal citation omitted). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (internal citation omitted).

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). "[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." ***Johnson v. Mueller***, 415 F.2d 354, 354 (4th Cir. 1969).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting Fed.R.Civ.P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (internal quotations and citations omitted).

Here, defendant argues that the Complaint should be dismissed as this Court lacks jurisdiction. This Court agrees that it lacks jurisdiction to entertain plaintiff's collateral attack of the State Court judgment.

**II. Analysis**

Here, plaintiff has mounted a collateral attack against the judgment of the West Virginia Supreme Court of Appeals in ***Far Away Farm, LLC v. Jefferson County Bd. of***

7

*Zoning Appeals*, 222 W.Va. 252, 664 S.E.2d 137 (W.Va. 2008). Under West Virginia law, a collateral attack of a judgment is allowed where the court issuing the judgment lacked jurisdiction. *State of West Virginia v. Mazzone*, 213 W.Va. 661, 664, 584 S.E.2d 517, 521 (2003); *see also* *Jordhal v. Democratic Party of West Virginia*, 122 F.3d 192, 203 (4th Cir. 1997) (stating "A defendant who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review"); *Resolute Ins. Co. v. State of North Carolina*, 397 F.2d 586 (4th Cir.), *cert. denied*, 393 U.S. 978 (1968) ("a federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident or mistake.") Plaintiff's collateral attack would be permitted under West Virginia law, if the West Virginia Supreme Court lacked jurisdiction to impose the judgment issued in the State Court case. *Mazzone*, 213 W.Va. at 664, 584 S.E.2d at 521.

While plaintiff is allowed to collaterally attack a judgment issued without jurisdiction, this Court must look at that challenge through the lens of the Full Faith and Credit Clause. *See Durfee v. Duke*, 375 U.S. 106, 116 (1963). A state court decision is "entitled to full faith and credit–even as to questions of jurisdiction–when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the judgment." *Durfee*, 375 U.S. at 111. Thus, this Court is bound pursuant to the Full Faith and Credit Clause to give *res judicata* effect to any judgment of the West Virginia Supreme Court that it had jurisdiction to impose the remedy plaintiff

8

seeks to void. See *Id.*

Based on the forgoing, this Court is left with the task of determining if plaintiff's collateral attack is precluded by the Full Faith and Credit Clause, or whether it is a permitted collateral attack on the judgment of the West Virginia Supreme Court as the court lacked jurisdiction to issue the judgment in the State Court case.

### A. Full Faith and Credit

"The constitutional command of full faith and credit, as implemented by Congress, requires that 'judicial proceedings... shall have the same full faith and credit in every court within the United States... as they have by law or usage in the courts of such State... from which they are taken.' Full faith and credit thus generally requires every State to give a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it. 'By the Constitutional provision for full faith and credit, the legal doctrines of *res judicata*, speaking generally, become a part of national jurisprudence, and therefore [are] federal questions cognizable here." **Durfee**, 375 U.S. at 108 (internal quotations omitted). Accordingly, pursuant to the Full Faith and Credit Clause, this Court must give the West Virginia Supreme Court's judgment in the State Court case the *res judicata* effect that the judgment would have in the courts of West Virginia.

#### 1. *Res Judicata* effect of State Court Case

In West Virginia, *res judicata* operates to bar duplicative litigation. See **Conley v. Spillers**, 171 W.Va. 584, 301 S.E.2d 216 (1983). "An adjudication by a court having jurisdiction of the subject matter and the parties is final and conclusive, not only as to the

matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action. It is not essential that the matter should have been formally put in issue in a former suit, but it is sufficient that the status of the suit was such that the parties might have had the matter disposed of on its merits. An erroneous ruling of the court will not prevent the matter from becoming *res judicata*." *Id.* 171 W.Va. at 586, Point 1, Syllabus, S.E.2d at 217

In order to determine whether *res judicata* would bar plaintiff's action in West Virginia state courts, this Court must, therefore, determine: (1) who the parties to the State Court case were; and (2) what matters were put at issue in the State Court case, or what issues might have been put at issue by the parties. *Id.* The merits of the West Virginia Supreme Court of Appeals ruling need not be considered. *Id.*

        a.      The Commission was a Party for Purposes of *Res Judicata*

Plaintiff's primary complaint is that it was not party to the previous suit as it was not named in the complaint and was not served with service of process. (See [Doc. 6] at 2). Plaintiff was, however, fully aware of the state suit, as counsel for the BZA also represented plaintiff. ([Doc. 7] n.5) (noting that per public records, Ed Dunleavy, who was the intervening party in the West Virginia Supreme Court case, as well as the person who appealed the West Virginia Supreme Court's decision in the State Court Case to the United States Supreme Court, was a member of the Commission when the West Virginia Supreme Court heard the appeal). Additionally, plaintiff filed a Motion to Intervene in the State Court

10

Case. ([Doc. 3-1] at 22-26). In the Motion to Intervene, plaintiff argued the West Virginia Supreme Court lacked jurisdiction to order plaintiff to grant FAF a Conditional Use Permit because the Commission was never properly before the court. (Id. at 23-25). Alternatively, plaintiff asked for relief from the judgment under Federal Rule of Civil Procedure 60. (Id. at 22). The West Virginia Supreme Court denied the motion to intervene, and denied plaintiff relief under Rule 60. ([Doc. 6] at 2).

This Court finds that when plaintiff filed the Motion to Intervene contesting the jurisdiction of the West Virginia Supreme Court, it submitted to the jurisdiction of the West Virginia Supreme Court, and thereby became a party bound by the court's judgment on that issue. Since the purpose of plaintiff's Motion to Intervene was to allow it to enter into the action as a party–and the motion was denied–it would appear that of necessity, plaintiff was not a party to the action. This is not the law. When plaintiff, in filing its Motion to Intervene, entered an appearance before the court to contest jurisdiction, it submitted itself to be bound by the West Virginia Supreme Court's decision as to jurisdiction. *See **United States ex. rel. Robinson Rancheria Citizens Council v. Bordneo, Inc.***, 971 F.2d 244, 251 (9th Cir. 1992) (noting that where an individual appeared specially to contest the jurisdiction of the California Superior Court, the court considered the issue, the individual lost, and the ruling was not appealed; the issue had been finally decided and was entitled to full faith and credit); *see also **Underwriters Nat'l Ins. Co. v. North Carolina Life and Accident and Health Ins. Guaranty Ass'n***, 455 U.S. 691, 700-701 (1982) (noting "[a]s an intervening party to the rehabilitation proceeding, the North Carolina Association was obliged to

advance its argument that the Rehabilitation Court did not have authority to settle pre-rehabilitation claims to the deposit when it was given the opportunity to do so.  A party cannot escape the requirements of full faith and credit and *res judicata* by asserting its own failure to raise matters clearly within the scope of a prior proceeding").  Had plaintiff not been bound by the West Virginia Supreme Court's ruling as to jurisdiction, there would be no reason for it to have filed the motion in the first instance. *See **Underwriters Nat'l Ins. Co.,*** 455 U.S. at 700-701, n.14 (stating "[t]he need for finality within our federal system, applies with equal force to questions of jurisdiction.  As this Court stated in ***Stoll v. Gottlieb***, 305 U.S. 165, 172 (1938): 'After a party has his day in court, with opportunity to present his evidence and view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined.  There is no reason to expect that the second decision will be more satisfactory than the first'").

Further, this Court would note the timing of plaintiff's Motion to Intervene.  Specifically, plaintiff–although aware of the proceeding as one of the members of the Commission was a party to the prior suit–did not move to intervene prior to the West Virginia Supreme Court's judgment in the State Court Case.  ([Doc. 3-1] at 1) (decision filed April 17, 2008).  Nor did plaintiff move to intervene within the 30 days after the judgment was issued so as to request a rehearing of the issue.  Nor did plaintiff move to intervene prior to the decision being appealed to the United States Supreme Court.  *See **Dunleavy v. Far Away Farm***, 129 S.Ct. 573 (Nov. 10, 2008) (denying certiorari).  In fact, plaintiff waited until after the United States Supreme Court denied certiorari before asking the West

12

Virginia Supreme Court to allow plaintiff to intervene. ([Doc. 3-1] at 22-26) (Motion to Intervene filed April 13, 2009). That appears to this Court, to be an intentionally ill timed motion to intervene in an effort to manipulate the legal system so as to "escape the requirements of full faith and credit and *res judicata*." See **Underwriters Nat'l Ins. Co.**, 455 U.S. at 700-701.

Based on the forgoing, this Court finds that when plaintiff filed a Motion to Intervene on the basis of a lack of jurisdiction, plaintiff entered an appearance and agreed to be bound by the West Virginia Supreme Court's decision as to jurisdiction. Plaintiff is, therefore, a party bound by *res judicata*.

> b. The Issue of Jurisdiction Was Raised Before the West Virginia Supreme Court

Next, the Court must determine what issues were before the West Virginia Supreme Court in the State Court Case, or what issues might have been brought before the court in the challenged case. See **Conley v. Spillers**, 171 W.Va. at 586, 301 S.E.2d at 217. This Court finds that the West Virginia Supreme Court fully considered whether it had personal jurisdiction over the Commission; and as such, the issue is *res judicata*.

The West Virginia Supreme Court actually considered the jurisdictional issue several times, and each time rejected the arguments that it lacked jurisdiction. First, in its decision issued on April 17, 2008, the court stated: "[t]he BZA simply had no authority to apply the amended Ordinance to FAF's application for a permit. ... Likewise, a board of zoning appeals does not have that power to determine the effective date of an amendment to a

13

zoning ordinance. That power belongs to the law-making body which in this instance is the Jefferson County Commission." *Far Away Farm, LLC*, 222 W.Va. at 258-59. This statement alone shows that the court fully understood and acknowledged the procedural posture of the case that plaintiff alleges prevented the West Virginia Supreme Court from having jurisdiction over the Commission.

Plaintiff argues that because the BZA was the only party before the West Virginia Supreme Court, and as the court found that the BZA did not have the authority to deny FAF's permit in the first place, then the case should have been remanded to the Commission for further proceedings without further instruction, and that the West Virginia Supreme Court's instruction to the Commission to issue the permit denied plaintiff Due Process because the court had no personal jurisdiction over the Commission. ([Doc. 6] at 7) (noting "the plaintiff challenges the constitutionality of an extra-jurisdictional state court ruling issued against plaintiff without an opportunity to defend itself or to defend whatever authority that the State Legislature and local ordinances have given to it.") That issue, however, was before the West Virginia Supreme Court at the time it made its decision.

Further, even were this Court to find that prior to issuance of its decision the West Virginia Supreme Court only considered the issue of subject matter jurisdiction, and not personal jurisdiction, the issue of personal jurisdiction was specifically addressed to the court on three later occasions and denied. Specifically, after the West Virginia Supreme Court issued its decision, the parties asked the court to rehear the case on the basis of a lack of subject matter jurisdiction over the Commission. (See [Doc. 3-1] at 27, 36-37) (On

May 16, 2008, Edward E. Dunleavy and Edward R. Moore filed a petition for rehearing arguing that the court lacked personal jurisdiction over the Commission); ([Doc. 3-1] at 46) (On May 19, 2008, the Jefferson County Board of Zoning Appeals also filed a petition for rehearing arguing the court lacked personal jurisdiction over the Commission). The motions for rehearing were denied. Those motions, and the judgment of the court, were then appealed to the United States Supreme Court, which denied certiorari. Finally, plaintiff filed a Motion to Intervene in April of 2009, making the same arguments it has presented to this Court in the above-styled case. (See [Doc. 3-1] 22-25). Thus, it is apparent that while plaintiff only filed a Motion to Intervene after the judgment was final, the court was fully aware of plaintiff's arguments when it denied the Motion to Intervene.

Based on the reasoning stated above, this Court finds that the issue of a lack of personal jurisdiction over the Commission was fully and fairly litigated before the West Virginia Supreme Court, and that the court found in a final judgment that it had sufficient jurisdiction to order the Commission to issue FAF a permit. As such, this Court finds that plaintiff would be bound in the West Virginia courts by the judgment issued in the State Court Case. This Court is, therefore, bound by the Full Faith and Credit Clause of the Constitution of the United States to accord that judgment the same preclusive effect as it would be granted in the courts of West Virginia.

### B.    Collateral Attack

As noted above, a collateral attack of a state court judgment is allowed where the judgment being attacked was issued by a court without jurisdiction. Here, plaintiff has

mounted a collateral attack of the judgment in *Far Away Farm, LLC v. Jefferson County Bd. of Zoning Appeals*, 222 W.Va. 252 664 S.E.2d 137 (W.Va. 2008). Plaintiff argues the West Virginia Supreme Court lacked jurisdiction to issue the challenged judgment because plaintiff was not before the court, and therefore, not subject to personal jurisdiction. ([Doc. 6] at 2). While this Court has determined that the issue of lack of personal jurisdiction was presented to the West Virginia Supreme Court, and that plaintiff was a party to that judgment (*see* II(A), *supra*), before this Court can accord the judgment full faith and credit this Court should make limited inquiry into the West Virginia Supreme Court's jurisdiction. *See* **Underwriters Nat'l Ins. Co.**, 455 U.S. at 704.

"To be sure, the structure of our Nation as a union of States, each possessing equal sovereign powers, dictates some basic limitations on the full-faith-and-credit principles.... Chief among these limitations is the caveat, consistently recognized by this Court, that a judgment of a court in one State is conclusive upon the merits in a court in another State only if the court in the first State had power to pass on the merits-had jurisdiction, that is, to render the judgment. Consequently, before a court is bound by the judgement rendered in another State, it may enquire into the jurisdictional basis of the foreign court's decree. If that court did not have jurisdiction over the subject matter or the relevant parties, full faith and credit need not be given." **Underwriters Nat'l Ins. Co.**, 455 U.S. at 704 (internal quotations and citations omitted). The enquiry into the jurisdiction of the court issuing the judgment is, however, limited. "[A] judgement is entitled to full faith and credit –even as to questions of jurisdiction–when the second court's inquiry discloses that those questions

16

have been fully and fairly litigated and finally decided in the court which rendered the judgment." ***Durfee***, 375 U.S. at 111. Further, "the fact that the rendering court may have made an error of law with respect to a particular question does not deprive its decision of the right to full faith and credit, so long as that court fully and fairly considered its jurisdiction to adjudicate the issue." ***Underwriters Nat'l Ins. Co.***, 455 U.S. at 710 n.16 (citing ***American Express Co v. Mullins***, 212 U.S. 311 (1909)).

Here, the judgment in the State Court Case must be given preclusive effect as the West Virginia Supreme Court fully and fairly considered its jurisdiction to adjudicate the issue. (See II(A)(2), *supra*). As more fully discussed above, the question of the West Virginia Supreme Court's jurisdiction to issue a judgment which required the Commission to issue FAF a permit was raised on at least four occasions, three of which occurred prior to the United States Supreme Court's consideration of the appeal. Thus, as more fully set forth in section II(A)(2), this Court finds that the West Virginia Supreme Court fully and fairly considered its jurisdiction to adjudicate the issue and made a final determination that it had proper jurisdiction.

When the West Virginia Supreme Court's decision as to jurisdiction is accorded the preclusive effect, plaintiff's action must fail. This is because a collateral attack of a state court judgment cannot be mounted in federal court where the state court had jurisdiction. After finding that the West Virginia Supreme Court fully and fairly considered its jurisdiction this Court's enquiry ends. Any argument that the court acted in error is to be disregarded by this Court. See ***Underwriters Nat'l Ins. Co.***, 455 U.S. at 710 n.16 (noting

17

"the fact that the rendering court may have made an error of law with respect to a particular question does not deprive its decision of the right to full faith and credit...").

## CONCLUSION

Based on the forgoing, this Court finds that plaintiff's claims must be dismissed as an impermissible collateral attack of the judgment in *Far Away Farm, LLC v. Jefferson County Bd. of Zoning Appeals*, 222 W.Va. 252, 664 S.E.2d 137 (W.Va. 2008), as this Court is bound pursuant to the Full Faith and Credit Clause of the United States Constitution to accord the judgment of the West Virginia Supreme Court the same *res judicata* effect it would receive in West Virginia state courts. As this Court finds that it lacks jurisdiction to entertain the above-styled case, it need not consider the other arguments of the parties. Further, this Court **ORDERS** that defendant's Motion to Dismiss [Doc. 3] be **DENIED**, and that the above-styled case be **DISMISSED** and stricken from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: October 29, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE